# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| **DAVID M. BOTOLINO** | ) |
| **JOANNE BOTOLINO,** | ) |
| **Plaintiffs** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DEUTSCHE BANK NATIONAL TRUST** | )   **Civil No.** |
| **COMPANY,** | ) |
| **As trustee of MASTR 2007-01,** | ) |
| **SAND CANYON CORPORATION,** | ) |
| **f/k/a Option One Mortgage Corporation,** | ) |
| **and** | ) |
| **GMAC MORTGAGE, LLC.,** | ) |
| **Defendants** | ) |

## COMPLAINT AND JURY CLAIM

### Parties

1.  Plaintiff David M. Botolino is an individual who at all times relevant to this complaint

has resided in Merrimac, Essex County, Massachusetts.

2.  Plaintiff Joanne Botolino is an individual who at all times relevant to this complaint

has resided in Merrimac, Essex County, Massachusetts.

3.  Defendant Deutsche Bank National Trust Company, as trustee of MASTR 2007-01"

("Deutsche") is on information and belief a federally-chartered banking institution which

at times relevant to this complaint has conducted business in the Commonwealth of

Massachusetts.

4.  Defendant Sand Canyon Corporation ("Sand Canyon") is a business corporation

formerly known as Option One Mortgage Corporation ("Option One"), and is on

information and belief a duly organized and existing corporation with a principal place of

business in Irvine, California, and which has conducted business in the Commonwealth of Massachusetts.

5.  Defendant GMAC Mortgage LLC ("GMAC") is on information and belief a duly organized and existing corporation with a principal place of business in Fort Washington, Pennsylvania.

## Jurisdiction and Venue

6.  The Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a), as plaintiffs and all defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.  Venue in this district is proper pursuant to 28 U.S.C. §1391(a), as each defendant resides in this district, a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this district, and the property which is the subject of this action is located in this district.

## Statement of Facts

8.  On or about May 12, 2006, plaintiff David M. Botolino obtained a mortgage loan from Option One in the principal amount of $725,000, which loan constituted a consumer credit transaction (hereafter, the "transaction").

9.  As part of and in connection with the transaction, plaintiffs each gave to Option One a security interest (hereafter, the "mortgage") in the real property owned by plaintiffs located at and known as 77 Hadley Road, Merrimac, Essex County, Massachusetts, which at all relevant times has been plaintiffs' principal residence.

10.  The security interest was not created for the purpose of financing the acquisition or initial construction of plaintiffs' home.

11. A document purporting to constitute an assignment of the security interest from Sand Canyon to Deutsche Bank is recorded with Essex Registry of Deeds at Book 29030, Page 439.

12.  In January, 2010, and times subsequent thereto Deutsche Bank – through its attorneys – gave notice to plaintiffs of its intent to foreclose the mortgage under power of sale.

## COUNT I

### (Rescission)

13.  The allegations of paragraphs 1 – 12 are incorporated herein as if fully set forth.

14.  The consumer credit transaction resulting in the security interest on plaintiffs' property was subject to the  right of rescission as provided by G.L. c. 140D, §10(a) and 209 CMR 32.23(1)(a).

15.  Option One failed to deliver to each plaintiff at the time of the transaction or at any other time a sufficient number of copies of the notice of the right to rescind the transaction as required by G.L. c. 140D, §10(a) and its implementing regulation 209 CMR 32.23(2)(a).

16.  As a result of Option One's failure to provide plaintiffs with the requisite number of right to cancel notices, plaintiffs have a continuing right to rescind the transaction pursuant to section 10(a) of G.L. c. 140D and 209 CMR 32.23(1)(c).

17.  By letters dated March 8, 2010, plaintiffs  –  through counsel  –  provided written notice to Deutsche Bank of the exercise of their continuing rights to rescind the transaction.

18. Deutsche Bank received plaintiffs' notices of their exercise of their rights to rescind, but as of present has not taken any action to reflect the termination of the security interest in plaintiffs' property or to return to plaintiffs all money or property given by them to anyone, including defendants, in connection with the transaction, as required by law.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment:

(a) rescinding the transaction;

(b) declaring the subject mortgage null and void, that plaintiffs are not liable for any finance or other charge, and ordering defendants to take all action necessary to terminate the security interest;

(c) ordering defendants to return to plaintiffs all monies or other property given by them to anyone, including defendants, in connection with the transaction;

(d) declaring that plaintiffs are not obligated to tender the amounts remaining after return of the monies and property given by them or, alternatively, establishing equitable terms of tender which will enable plaintiffs to retain their property;

(e) awarding plaintiffs statutory damages against defendants for the violation of law alleged herein and for failing to take actions required by law in response to plaintiffs' rescission notices;

(f) awarding costs and reasonable attorney's fees;

(g) awarding such further relief as shall be just and proper.

## COUNT II

### (Declaratory Judgment)

19. The allegations of paragraphs 1 – 12 are incorporated herein as if fully set forth.

20.  On information and belief, the promissory note executed by David M. Botolino to Option One was not indorsed and/or transferred to Deutsche Bank such that Deutsche Bank became a holder of the note or became a transferee under circumstances which gave it the rights of a holder of the note.

21.  Under Massachusetts law, Deutsche Bank lacks standing and/or authority to foreclose the mortgage.

WHEREFORE, plaintiffs pray that this Honorable Court enter judgment:

(a)  declaring that Deutsche Bank lacks standing and/or authority to foreclose the mortgage;

(b)  enjoining Deutsche Bank and its officers, employees, agents, attorneys, representatives, fiduciaries, assigns, and successors in interest from taking any action to foreclose the mortgage, collecting or attempting to collect monies allegedly owing under the promissory note, entering onto the property, and otherwise taking any action against plaintiffs and/or the property;

(c)  awarding plaintiffs costs and reasonable attorney's fees;

(d)  awarding such further relief as shall be just and proper.

## COUNT III

### (Wrongful Foreclosure)

22.  The allegations of paragraphs 1 – 21 are incorporated herein as if fully set forth.

23.  The foreclosure proceedings commenced and prosecuted by Deutsche Bank and GMAC were wrongful and unlawful for the reasons set forth above.

24.  As direct and proximate results of the misconduct of said defendants, plaintiffs have suffered monetary loss and great inconvenience, have suffered damage to their credit, and

have suffered great and severe emotional distress and mental anguish over the prospect of losing their home.

WHEREFORE, plaintiffs prays that this Honorable Court enter judgment:

(a) awarding them compensatory damages against Deutsche Bank and GMAC, jointly and severally;

(b) awarding them interest, costs, and reasonable attorney's fees;

(c) awarding such further relief as shall be just and proper.

## COUNT IV

### (G.L. c. 93A)

25. The allegations of paragraphs 1 – 24 are incorporated herein as if fully set forth.

26. At all times relevant to this complaint, Deutsche Bank and GMAC were engaged in trade or commerce in Massachusetts.

27. The wrongful and unlawful commencement and prosecution of foreclosure proceedings against plaintiff by Deutsche Bank and GMAC constituted unfair and/or deceptive conduct in violation of G.L. c. 93A, and said misconduct was willful or knowing in nature.

28. As direct and proximate results of the unfair and/or deceptive conduct of said defendants, plaintiffs have suffered monetary loss and great inconvenience, have suffered damage to their credit, and have suffered great and severe emotional distress and mental anguish over the prospect of losing their home.

WHEREFORE, plaintiffs prays that this Honorable Court enter judgment:

(a) awarding them actual damages or $25.00, whichever is greater, against Deutsche Bank and GMAC, jointly and severally;

(b) doubling or trebling any actual damages awarded;

(c) awarding them interest, costs, and reasonable attorney's fees;

(d) awarding such further relief as shall be just and proper.

**Plaintiffs claim trial by jury.**

Plaintiffs, by:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
(617) 492-0522
ken@quatlaw.com